UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PEDRO PEREZ,

    Plaintiff,

v.                                      Case No. 8:19-cv-951-T-33AEP

CIGNA HEALTH AND LIFE INSURANCE
COMPANY,

    Defendant.
_____/

## **ORDER**

This cause comes before the Court upon Plaintiff's Motion to Compel Responses to Discovery Propounded on Defendant (Doc. 18) and Defendant's response in opposition thereto (Doc. 20). By the motion, Plaintiff, who appears *pro se*,[1] seeks to compel Defendant to provide amended responses to Plaintiff's First Set of Interrogatories and Plaintiff's First Request for Production (Doc. 18, Ex. C). As an initial matter, the motion does not comply with Local Rule 3.04, which provides:

---

[1] To the extent Plaintiff intends to represent himself in this matter, he should familiarize himself with both the Federal Rules of Civil Procedure and the Local Rules for the Middle District of Florida, copies of which can be reviewed in the Clerk's Office, located on the second floor of the Sam M. Gibbons United States Courthouse, 801 North Florida Avenue, Tampa, Florida. To the extent Plaintiff would like assistance in pursuing his claims in this action, Plaintiff may seek assistance from the Federal Bar Association by completing a request form at http://federalbartampa.org/pro-bono. Plaintiff is also encouraged to consult the "Litigants Without Lawyer" guidelines on the Court's website, located at http://www.flmd.uscourts.gov/litigants-without-lawyers. Additionally, the Tampa Bay Chapter of the Federal Bar Association operates a Legal Information Program on Tuesdays from 1:00 p.m. to 2:30 p.m. on the second floor of the Sam M. Gibbons United States Courthouse (next to the Clerk's Office). Through that program, *pro se* litigants may consult with a lawyer on a limited basis for free. More information about the program is available on the Court's website at http://www.flmd.uscourts.gov/legal-information-program.

> A motion to compel discovery pursuant to Rule 36 or Rule 37, Fed.R.Civ.P., shall include quotation in full of each interrogatory, question on deposition, request for admission, or request for production to which the motion is addressed; each of which shall be followed immediately by quotation in full of the objection and grounds therefor as stated by the opposing party; or the answer or response which is asserted to be insufficient, immediately followed by a statement of the reason the motion should be granted. The opposing party shall then respond as required by Rule 3.01(b) of these rules.

M.D. Fla. R. 3.04(a). As the Court's Case Management and Scheduling Order makes plain, "[m]otions to compel and motions for a protective order will be denied unless the motion fully complies with M.D. Fla. R. 3.04 …." (Doc. 14, at 5). Additionally, the motion fails to comply with Local Rule 3.01, which requires that any motion or other application for an order include a concise statement of the precise relief requested, a statement of the basis for the request, and a memorandum of legal authority in support of the request. M.D. Fla. R. 3.01(a). Although courts afford liberal construction to *pro se* litigants' pleadings, litigants appearing *pro se* must adhere to the procedural requirements of the Federal Rules of Civil Procedure as well as the Local Rules for the Middle District of Florida. *McNeil v. U.S.*, 508 U.S. 106, 113 (1993) ("[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."); *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007) ("And although we are to give liberal construction to the pleadings of *pro se* litigants, we nevertheless have required them to conform to procedural rules" (citation and internal quotation marks omitted)); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."). Accordingly, given the failure to comply with the Local Rules, the motion can be denied on that basis alone.

Going further, however, the motion lacks any discernable basis for overruling Defendant's objections or determining the appropriateness of Defendant's responses. Indeed, Plaintiff presented only the following argument: "To date, Defendants [*sic*] refused to produce

all documents responsive to Plaintiff's production and objected to provide [*sic*] meaningful answers to interrogatories and failed to provide Plaintiff with a privilege log" (Doc. 18, at ¶2). Upon review of Defendant's response, it appears that some of the issues have been resolved or will be resolved soon. Given the uncertainty as to what issues remain outstanding, it is hereby

ORDERED:

1. Plaintiff's Motion to Compel Responses to Discovery Propounded on Defendant (Doc. 18) is DENIED WITHOUT PREJUDICE.

2. Within fourteen days of the date of this Order, the parties are directed to meet and confer regarding the responses to Plaintiff's First Set of Interrogatories and First Request for Production to address any purported deficiencies. To the extent that the parties do not resolve any outstanding issues, Plaintiff may renew his motion after that time. Any renewed motion shall comply with the Local Rules or will be denied.

DONE AND ORDERED in Tampa, Florida, on this 23rd day of September, 2019.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc:  Counsel of Record
     Plaintiff, *pro se*

3